**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
George A. Davis
George Klidonas
Anupama Yerramalli
Randall C. Weber-Levine
Scott Yousey

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| 2U, INC., | : | Case No. 24-11279 (___) |
| Debtor. | : | |
| Tax I.D. No. 26-2335939 | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| 2U GETSMARTER, LLC, | : | Case No. 24-11286 (___) |
| Debtor. | : | |
| Tax I.D. No. 82-3179643 | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| 2U HARKINS ROAD LLC, | : | Case No. 24-11281 (___) |
| Debtor. | : | |
| Tax I.D. No. N/A | : | |

| | | |
|---|---|---|
| ------------------------------------------------------ x | | |
| In re: | : | Chapter 11 |
| | : | |
| 2U NYC, LLC, | : | Case No. 24-11282 (___) |
| | : | |
| Debtor. | : | |
| | : | |
| Tax I.D. No. N/A | : | |
| ------------------------------------------------------ x | | |
| ------------------------------------------------------ x | | |
| In re: | : | Chapter 11 |
| | : | |
| 2U KEIH HOLDCO, LLC, | : | Case No. 24-11283 (___) |
| | : | |
| Debtor. | : | |
| | : | |
| Tax I.D. No. 84-3873837 | x | |
| ------------------------------------------------------ | | |
| ------------------------------------------------------ x | | |
| In re: | : | Chapter 11 |
| | : | |
| CRITIQUEIT, INC., | : | Case No. 24-11284 (___) |
| | : | |
| Debtor. | : | |
| | : | |
| Tax I.D. No. 26-2895532 | x | |
| ------------------------------------------------------ | | |
| ------------------------------------------------------ x | | |
| In re: | : | Chapter 11 |
| | : | |
| EDX LLC, | : | Case No. 24-11278 (___) |
| | : | |
| Debtor. | : | |
| | : | |
| Tax I.D. No. 87-1658554 | x | |
| ------------------------------------------------------ | | |
| ------------------------------------------------------ x | | |
| In re: | : | Chapter 11 |
| | : | |
| EDX BOOT CAMPS LLC, | : | Case No. 24-11285 (___) |
| | : | |
| Debtor. | : | |
| | : | |
| Tax I.D. No. 84-1778904 | x | |
| ------------------------------------------------------ | | |

2

```
------------------------------------------------------  x
In re:                                                  :   Chapter 11
                                                        :
2U GETSMARTER (US), LLC,                                :   Case No. 24-11280 (___)
                                                        :
             Debtor.                                    :
                                                        :
Tax I.D. No. 82-3179802                                 x
------------------------------------------------------
```

**MOTION OF DEBTORS FOR ENTRY
OF AN ORDER (A) DIRECTING JOINT ADMINISTRATION
OF CHAPTER 11 CASES; AND (B) GRANTING RELATED RELIEF**

The debtors in possession (collectively, the "***Debtors***") in the above-captioned cases (the "***Chapter 11 Cases***") hereby file this motion (this "***Motion***") and respectfully state as follows:

**RELIEF REQUESTED**

1. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "***Proposed Order***"): (a) directing the joint administration of the Chapter 11 Cases for procedural purposes only; and (b) granting related relief.

**JURISDICTION AND VENUE**

2. The United States Bankruptcy Court for the Southern District of New York (this "***Court***") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated January 31, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent

3

with Article III of the United States Constitution. Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory and legal predicates for the relief requested herein are sections 105(a) and 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Bankruptcy Rule 1015(b), and rule 9013-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

## BACKGROUND

5. The Debtors comprise a leading online education technology company providing over eighty million people worldwide with access to high-quality education, including graduate, undergraduate, and non-degree programs. Through a comprehensive platform, the Debtors enable non-profit universities and colleges to offer a wide range of online courses and programs. These span diverse fields such as artificial intelligence, data science, business, healthcare, and education, with over 4,600 programs accessible on the Debtors' platform, edX.org, which provides learners with essential information on admissions, enrollment requirements, application processes, curriculum, tuition, and completion times. By consolidating a vast array of educational offerings on a single platform, the Debtors offer flexible and affordable pathways for achieving professional and educational goals. Although operations are predominantly remote, the majority of the Debtors' revenue flows into New York, where the Debtors hold their primary bank accounts, and where they collaborate with prestigious institutions of higher education (many of which are located here in New York City, including New York University, Columbia University, and Fordham University), enhancing their reach and impact within the city and state.

6. On the date hereof (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court commencing these Chapter 11 Cases. The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.

4

No trustee or examiner has been requested, and no committee has been appointed in these Chapter 11 Cases.

7. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these Chapter 11 Cases, is set forth in detail in the *Declaration of Matthew Norden, Chief Legal Officer and Chief Financial Officer of the Debtors, in Support of Chapter 11 Petitions* (the "**Norden Declaration**") and the *Declaration of William Kocovski in Support of Chapter 11 Petitions and First Day Motions* (the "**Kocovski Declaration**" and, together with the Norden Declaration, the "**First Day Declarations**") filed contemporaneously herewith, which are fully incorporated herein by reference.[1]

8. These Chapter 11 Cases are "prepackaged" cases commenced for the purpose of implementing an agreed restructuring of the Debtors' debt. Prior to the Petition Date, the Debtors entered into the Restructuring Support Agreement, dated as of July 24, 2024 (as may be amended, modified or supplemented, the "**Restructuring Support Agreement**") with certain creditors including (a) an ad hoc group of certain holders (the "**Ad Hoc Noteholder Group**") of 2.25% convertible senior notes due May 1, 2025, issued under that certain Indenture, dated as of April 23, 2020 (the "**2025 Notes**") and 4.50% senior unsecured convertible notes due February 1, 2030, issued under that certain Indenture, dated as of January 11, 2023 (the "**2030 Notes**" and, together with the 2025 Notes, the "**Notes**") represented by Weil, Gotshal & Manges LLP, (b) Greenvale Capital LLP ("**Greenvale**" and, together with the Ad Hoc Noteholder Group, the "**Consenting Noteholders**") as holder of the Notes represented by Schulte Roth & Zabel LLP, and (c) an ad hoc group of certain First Lien Lenders (the "**First Lien Ad Hoc Group**" and,

---

[1] Capitalized terms used, but not defined in this Motion have the meanings ascribed to them in the First Day Declarations.

5

together with the Consenting Noteholders, the "**Consenting Stakeholders**") represented by Milbank LLP. As of July 24, 2024, the Consenting Stakeholders held approximately 82% of the Debtors' first lien funded debt, 86.9% of the 2025 Notes, and 95.2% of the 2030 Notes.

9.    On the Petition Date, the Debtors filed a plan of reorganization reflecting the terms of the Restructuring Support Agreement (as may be amended, modified or supplemented, the "**Plan**") in addition to a disclosure statement with respect to the Plan (as may be amended, modified or supplemented, the "**Disclosure Statement**"). The Plan contemplates that all Allowed General Unsecured Claims (as defined in the Plan) will be paid in full or will otherwise be unimpaired.[2]

10.    Prior to the Petition Date, the Debtors commenced solicitation of votes on the Plan from holders of Class 3 First Lien Claims and Class 4 Unsecured Notes Claims (each as defined in the Plan), the only classes entitled to vote under the Plan. Subject to this Court's approval, votes with respect to the Plan are due on August 21, 2024. On the Petition Date, the Debtors filed a motion seeking, among other things, (a) conditional approval of the Disclosure Statement, and (b) to schedule a combined hearing to consider approval of the Disclosure Statement on a final basis and confirmation of the Plan. The Debtors seek to obtain confirmation of the Plan as quickly as this Court's schedule and requisite notice periods will permit.

## BASIS FOR RELIEF

11.    Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtors are "affiliates"

---

[2] Contemporaneously with filing this Motion, the Debtors are filing a motion to seek this Court's authorization to reject certain unexpired commercial real property leases.

as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize this Court to grant the relief requested herein.

12. Section 105(a) of the Bankruptcy Code provides this Court with the power to grant the relief requested herein by permitting this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

13. Given the integrated nature of the Debtors' operations, joint administration of these Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these Chapter 11 Cases will affect each and every Debtor entity. The entry of an order directing joint administration of these Chapter 11 Cases will reduce fees and costs by avoiding duplicative filings and objections in each Debtor's Chapter 11 Case. Joint administration will also allow the Office of the United States Trustee for the Southern District of New York (the "*U.S. Trustee*") and all parties in interest to monitor these Chapter 11 Cases with greater ease and efficiency by allowing such parties to focus on one case docket.

14. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these Chapter 11 Cases. Accordingly, the Debtors submit that the joint administration of these Chapter 11 Cases is in the best interests of their estates, their creditors, and all other parties in interest.

7

15. In furtherance of the foregoing, the Debtors respectfully request that this Court maintain one file and one docket for all of the jointly administered cases under the case of 2U, Inc. and that the cases be administered under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| 2U, Inc., *et al.*[1], | ) Case No. 24-11279 (___) |
| Debtors. | ) (Joint Administration Requested) |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802). The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

16. The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

17. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors' cases other than the case of 2U, Inc.:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of: 2U, Inc.; 2U GetSmarter, LLC; 2U Harkins Road LLC; 2U NYC, LLC; 2U KEIH Holdco, LLC; CritiqueIt, Inc.; edX LLC; edX Boot Camps LLC; and 2U GetSmarter (US), LLC. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 24-11279 (___).

18. The Debtors also seek authority to fulfill their monthly operating report requirements required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the U.S. Trustee, by consolidating the information required

8

for each Debtor in one report that tracks and breaks out all of the specific information (*e.g.*, receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report.

19.     Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple, related debtors. *See, e.g.*, *In re Acorda Therapeutics, Inc.*, Case No. 24-22284 (DSJ) (Bankr. S.D.N.Y. Apr. 4, 2024) [Docket No. 38] (directing the joint administration of the chapter 11 cases); *In re GOL Linhas Aèreas Inteligentes S.A.*, Case No. 24-10118 (MG) (Bankr. S.D.N.Y. Jan. 29, 2024) [Docket No. 58] (same); *In re Troika Media Grp., Inc.*, Case No. 23-11969 (DSJ) (Bankr. S.D.N.Y. Dec. 8, 2024) [Docket No. 24] (same); *In re Mercon Coffee Corp.*, Case No. 23-11945 (MEW) (Bankr. S.D.N.Y. Dec. 7, 2024) [Docket No. 28] (same); *In re Benitago Inc.*, Case No. 23-11394 (SHL) (Bankr. S.D.N.Y. Sept. 5, 2023) [Docket No. 25] (same); *In re Voyager Aviation Holdings, LLC*, Case No. 23-11177 (JPM) (Bankr. S.D.N.Y. July 28, 2023) [Docket No. 26] (same); *In re Vice Grp. Holding Inc.*, Case No. 23-10738 (JPM) (Bankr. S.D.N.Y. May 17, 2023) [Docket No. 56] (same); *In re PacificCo Inc.*, Case No. 23-10470 (PB) (Bankr. S.D.N.Y. Mar. 30, 2023) [Docket No. 36] (same); *In re Genesis Glob. Holdco, LLC*, Case No. 23-10063 (SHL) (Bankr. S.D.N.Y. Jan. 26, 2023) [Docket No. 37] (same); *In re Lumileds Holding B.V.*, Case No. 22-11155 (LGB) (Bankr. S.D.N.Y. Aug. 31, 2022) [Docket No. 62] (same); *In re SAS AB*, Case No. 22-10925 (MEW) (Bankr. S.D.N.Y. July 5, 2022) [Docket No. 18] (same).

**MOTION PRACTICE**

20.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

9

## NOTICE

21. Notice of this Motion will be given to: (a) the United States Trustee for Region 2; (b) Milbank LLP as counsel to the First Lien Ad Hoc Group; (c) the administrative agent and collateral agent under the first lien credit agreement; (d) Weil, Gotshal & Manges LLP as counsel to the Ad Hoc Noteholder Group; (e) Schulte Roth & Zabel LLP as counsel to Greenvale; (f) the indenture trustees for the Notes; (g) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; (h) the United States Attorney's Office for the Southern District of New York; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; and (k) all parties entitled to notice pursuant to Local Rule 9013-1(b). The Debtors submit that, under the circumstances, no other or further notice is required.

22. A copy of this Motion is available from (a) this Court's website, www.nysb.uscourts.gov, and (b) the website maintained by the Debtors' proposed claims and noticing agent, Epiq Corporate Restructuring, LLC, at https://dm.epiq11.com/2U.

## NO PRIOR MOTION

23. The Debtors have not made any prior motion for the relief sought in this Motion to this Court or any other court.

**WHEREFORE**, the Debtors respectfully request that this Court enter the Proposed Order granting the relief requested in this Motion and such other and further relief as may be just and proper.

**LATHAM & WATKINS LLP**

Dated: July 25, 2024
New York, New York

By: */s/ George A. Davis*
George A. Davis
George Klidonas
Anupama Yerramalli
Randall C. Weber-Levine
Scott Yousey
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: george.davis@lw.com
george.klidonas@lw.com
anu.yerramalli@lw.com
randall.weber-levine@lw.com
scott.yousey@lw.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------- x | | |
| In re: | : | Chapter 11 |
| | : | |
| 2U, INC., | : | Case No. 24-11279 (___) |
| | : | |
| Debtor. | : | |
| | : | |
| Tax I.D. No. 26-2335939 | : | |
| ------------------------------------------------------- x | | |
| ------------------------------------------------------- x | | |
| In re: | : | Chapter 11 |
| | : | |
| 2U GETSMARTER, LLC, | : | Case No. 24-11286 (___) |
| | : | |
| Debtor. | : | |
| | : | |
| Tax I.D. No. 82-3179643 | : | |
| ------------------------------------------------------- x | | |
| ------------------------------------------------------- x | | |
| In re: | : | Chapter 11 |
| | : | |
| 2U HARKINS ROAD LLC, | : | Case No. 24-11281 (___) |
| | : | |
| Debtor. | : | |
| | : | |
| Tax I.D. No. N/A | : | |
| ------------------------------------------------------- x | | |
| ------------------------------------------------------- x | | |
| In re: | : | Chapter 11 |
| | : | |
| 2U NYC, LLC, | : | Case No. 24-11282 (___) |
| | : | |
| Debtor. | : | |
| | : | |
| Tax I.D. No. N/A | : | |
| ------------------------------------------------------- x | | |

```
------------------------------------------------------  x
In re:                                                  :   Chapter 11
                                                        :
2U KEIH HOLDCO, LLC,                                    :   Case No. 24-11283 (___)
                                                        :
         Debtor.                                        :
                                                        :
                                                        :
Tax I.D. No. 84-3873837                                 x
------------------------------------------------------
------------------------------------------------------  x
In re:                                                  :   Chapter 11
                                                        :
CRITIQUEIT, INC.,                                       :   Case No. 24-11284 (___)
                                                        :
         Debtor.                                        :
                                                        :
                                                        :
Tax I.D. No. 26-2895532                                 x
------------------------------------------------------
------------------------------------------------------  x
In re:                                                  :   Chapter 11
                                                        :
EDX LLC,                                                :   Case No. 24-11278 (___)
                                                        :
         Debtor.                                        :
                                                        :
                                                        :
Tax I.D. No. 87-1658554                                 x
------------------------------------------------------
------------------------------------------------------  x
In re:                                                  :   Chapter 11
                                                        :
EDX BOOT CAMPS LLC.,                                    :   Case No. 24-11285 (___)
                                                        :
         Debtor.                                        :
                                                        :
                                                        :
Tax I.D. No. 84-1778904                                 x
------------------------------------------------------
------------------------------------------------------  x
In re:                                                  :   Chapter 11
                                                        :
2U GETSMARTER (US), LLC,                                :   Case No. 24-11280 (___)
                                                        :
         Debtor.                                        :
                                                        :
                                                        :
Tax I.D. No. 82-3179802                                 x
------------------------------------------------------
```

2

## ORDER (A) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES; AND (B) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[1] of the Debtors for entry of an order (this "**Order**"): (a) directing the joint administration of the Chapter 11 Cases for procedural purposes only; and (b) granting related relief, all as more fully set forth in the Motion; and this Court having reviewed the Motion and the First Day Declarations; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and this Court having determined that there is good and sufficient cause for the relief granted in this Order, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 24-11279 (___).

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

3. The caption of the jointly administered Chapter 11 Cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| 2U, Inc., *et al.*[1], | ) | Case No. 24-11279 (___) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 2U, Inc. (5939); edX LLC (8554); 2U GetSmarter, LLC (9643); 2U Harkins Road LLC (N/A); 2U NYC, LLC (N/A); 2U KEIH Holdco, LLC (3837); CritiqueIt, Inc. (5532); edX Boot Camps LLC (8904); and 2U GetSmarter (US), LLC (9802). The Debtors' mailing address is 2345 Crystal Drive, Suite 1100, Arlington, Virginia 22202.

4. All original pleadings shall be captioned as indicated in the preceding decretal paragraph, and all original docket entries shall be made in the case of 2U, Inc., Case No. 24-11279 (___).

5. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

6. A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than 2U, Inc. to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of: 2U, Inc.; 2U GetSmarter, LLC; 2U Harkins Road LLC; 2U NYC, LLC; 2U KEIH Holdco, LLC; CritiqueIt, Inc.; edX LLC; edX Boot Camps LLC; and 2U GetSmarter (US), LLC. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 24-11279 (___).

4

7. One consolidated docket, one file, and one consolidated service list shall be maintained by the Debtors and kept by the Clerk of this Court with the assistance of the notice and claims agent retained by the Debtors in these Chapter 11 Cases.

8. The Debtors shall file their monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, issued by the U.S. Trustee, in accordance with the applicable Instructions for UST Form 11-MOR: Monthly Operating Report and Supporting Documentation.

9. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effectuating a substantive consolidation of these Chapter 11 Cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules and the Local Rules are satisfied by such notice.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2024

                                        UNITED STATES BANKRUPTCY JUDGE